NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PASCUALA VALDEZ ZAMACONA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 23-952<br><br>Agency No.<br>A216-268-976<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026**
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Petitioner Pascuala Valdez Zamacona, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of her motions to suppress evidence and to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

terminate removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(1). Because the BIA affirmed and adopted the decision of the IJ, citing to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), we review both decisions. *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review the BIA's determinations of law de novo and the BIA's factual findings for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We deny the petition.

1. The BIA did not err in holding that Petitioner forfeited her objection to the adequacy of her Notice to Appear. Petitioner's Notice to Appear lacked the time, date, and location of her initial hearing. On appeal to this court, Petitioner acknowledges that the time, date, and location requirements set forth in 8 U.S.C. § 1229(a)(1)(G) and 8 C.F.R. §§ 1003.13, .14(a), and .15(b) are claim-processing rules and not requirements of subject matter jurisdiction. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc). Being claim-processing rules, arguments challenging compliance with those rules are subject to forfeiture. *Id.* Here, Petitioner failed to raise any challenge to the adequacy of the initial Notice to Appear prior to the close of pleadings. *See Matter of Fernandes*, 28 I. & N. Dec. 605, 610–11 (BIA 2022) (finding objections to a noncompliant Notice to Appear timely when raised prior to the close of pleadings). Petitioner did not object to her Notice to Appear in any of the first three hearings before the IJ—in the latter two of which Petitioner was represented by counsel. Only after the third

hearing, in which the IJ found the facts established Petitioner's removability and held Petitioner removable, did Petitioner first file an objection to her Notice to Appear. Under these circumstances, the BIA properly concluded that Petitioner failed to raise an objection prior to the close of pleadings and thus forfeited her objection to the Notice to Appear.

2. The BIA also did not err in rejecting Petitioner's Fourth and Fifth Amendment claims. Petitioner argues that the alienage information contained in the Form I-213 ought to be suppressed because it was only obtained due to immigration officials' prior unlawful seizure of her husband. The exclusionary rule generally does not apply in immigration proceedings. *B.R. v. Garland*, 26 F.4th 827, 841 (9th Cir. 2022). But Petitioner appeals to a limited exception under which we have applied the exclusionary rule when "the agency egregiously violates a petitioner's Fourth Amendment rights." *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018). Petitioner fails to identify a violation, let alone an egregious violation, of her Fourth Amendment rights. Petitioner lacks standing under the Fourth Amendment to challenge the constitutionality of her husband's seizure. *See Alderman v. United States*, 394 U.S. 165, 174 (1969). Nor has Petitioner established a violation of due process under the Fifth Amendment. She has not shown that statements made during her appearance at the Immigration and Customs Enforcement San Diego Field Office were impermissibly coerced and involuntary. *See Cuevas-Ortega v. INS*, 588

F.2d 1274, 1277–78 (9th Cir. 1979). Accordingly, the BIA properly rejected her claims.

**PETITION DENIED.**[1]

---

[1] The motion to stay removal (Dkt. 16) is denied.